FILED
SEP 26 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD KEITH ROEDDER,<br><br>Petitioner<br><br>vs.<br><br>DANIEL SULLIVAN, Warden, South Dakota State Penitentiary, and MARK A. VARGO, Attorney General of the State of South Dakota,<br><br>Respondents. | 1:22-CV-01014-CBK<br><br>ORDER |

 Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions and sentences in South Dakota Circuit Court, Fifth Judicial Circuit, Brown County, case # 06CRI16-001067, (hereinafter, CR 16-1067). I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Many of the state court records relevant to this case were electronically received in conjunction with a prior habeas petition, 1:20-CV-01021-CBK, involving convictions from South Dakota Circuit Court, Fifth Judicial Circuit, Brown County, case # 06F10-000145AO, (hereinafter, CR 10-145). In addition, I have reviewed the files of the cases filed in the South Dakota Unified Judicial System's eCourts database (ecourts.sd.gov), and I take judicial notice thereof.

 Petitioner pleaded guilty in September 2017, to unauthorized possession of methamphetamine occurring on August 24, 2016. He agreed to admit that he was previously convicted of two felonies as defined in the habitual offender statutes. He was sentenced on September 26, 2017, to 40 years custody, consecutive to a parole revocation sentence he was serving in CR 10-145. Petitioner appealed his guilty plea and sentence

in CR 16-1067 to the South Dakota Supreme Court, Supreme Court No. 28435. On January 30, 2019, the South Dakota Supreme Court affirmed his conviction in CR 16-1067 but reversed his 40-year sentence and remanded the case for resentencing. State v. Roedder, 923 NW2d 537 (SD 2019).

Petitioner was resentenced on August 20, 2019, to 40 years imprisonment, with five years suspended, to run concurrent to the sentence he was serving for his parole violation in CR 10-145. He appealed and on October 13, 2020, the South Dakota Supreme Court affirmed, without opinion, the 40-year amended sentence imposed, Supreme Court No. 29103.

On November 16, 2020, petitioner filed a state court petition for a writ of habeas corpus challenging the August 20, 2019, judgment entered in CR 16-1067. The case was assigned case # 06CIV20-000474 (hereinafter CIV 20-474). While his state court habeas petition was pending, petitioner filed a motion to modify his sentence in CR 16-1067. Following an agreement between the petitioner and the prosecutor, petitioner was resentenced in CR 16-1067 on August 10, 2022, to 21 years custody with credit for time served since August 24, 2016, which sentence was ordered to run concurrent to the sentence he was serving in CR 10-145. Petitioner entered into a stipulation that the pending habeas case, CIV 20-474, which challenged his 40-year sentence, would be dismissed on the merits with prejudice. The state court petition for a writ of habeas corpus was dismissed August 11, 2022.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988). Petitioner did not file a direct appeal of the sentence imposed in CR 16-1067 on August 10, 2022. Further, a state court habeas remedy is available to petitioner pursuant to

SDCL 21-27-1. Petitioner did not file a state court habeas petition challenging the imposition of his 21-year sentence.

It plainly appears from the petition as well as from the records of the South Dakota Unified Judicial System, of which I take judicial notice, that petitioner has not exhausted his state court remedies. Pursuant to 28 U.S.C. § 2254(b), the petition must be dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state court habeas remedies.

DATED this 23rd day of September, 2022.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge